IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 21 2005
BY_____ DEPUTY

**JOHN AARON VANDERBURG**  PLAINTIFF

VS.   CIVIL ACTION NO. 1:05CV303LTSJMR

**HARRISON COUNTY SHERIFF'S DEPARTMENT
HARRISON COUNTY SHERIFF GEORGE PAYNE
HARRISON COUNTY DETENTION FACILITY (HCDF)
CAPTAIN RICK GASTON, BOOKING (HCDF)
MAJOR DIANE RILEY, WARDEN (HCDF)
ANONYMOUS JAILERS TO BE NAMED (HCDF)
PASS CHRISTIAN POLICE DEPARTMENT (PCPD)
PASS CHRISTIAN CHIEF OF POLICE JOHN DUBUISSON
PASS CHRISTIAN POLICE OFFICER CLARK DIEHL**

DEFENDANTS

## COMPLAINT

**COMES NOW,** the Plaintiff, John Aaron Vanderburg, pro-se, and for cause of action against the Defendants, Harrison County Sheriff's Dept., Harrison County Sheriff George Payne, Harrison County Detention Facility, Captain Rick Gaston, Major Diane Riley, Anonymous Jailers (to be named), Pass Christian Police Department, Chief John Dubuisson, Officer Clark Diehl and would state:

That on May 26, 2005, while in the custody of Officer Clark Diehl of the Pass Christian Police Department, Plaintiff was assaulted and injured by a corrections officer acting within the course of his official duty in the booking department of the Harrison County Detention Facility. Plaintiff was partially disabled due to resent surgery to repair the left knee and also a double fracture to the left leg. Officers were well aware that Plaintiff was partially disabled at this time.

## JURISDICTION

Plaintiff was subjected to cruel and unusual punishment in violation of the 8th amendment of the United States Constitution. Under Section 1983 of Title 42 of the United States Code, under which this action is brought, a citizen may seek by way of damages against any person who knowingly subjects such citizen of rights protected by the United States Constitution.

28 USC 1343 (3) also provides the jurisdiction for the United States District Court to hear this case.

I

Plaintiff John Aaron Vanderburg is an adult resident citizen of the County of Harrison, State of Mississippi.

Defendant Harrison County Sheriff George Payne is an adult resident of the County of Harrison, State of Mississippi. Sheriff Payne is the ultimate authority within the Harrison County Sheriff's Department (HCSD). Sheriff Payne is responsible for the policies and practices within the (HCSD) including but not limited to the Harrison County Detention Facility.

Defendant Captain Rick Gaston is an adult resident of the County of Harrison, State of Mississippi. Captain Gaston has immediate authority of the Booking Department of the Harrison County Detention Facility and is responsible for the conduct of officers as well training, supervising, and controlling officers of the Booking Department of the Harrison County Detention Facility (HCDF).

Defendant Major Diane Riley is an adult resident of the County of Harrison, State of Mississippi. Major Riley is the warden of the Harrison County Detention Facility and has immediate authority of this facility.

Defendant (Anonymous jailers) including but not limited to the officer that actually attacked Plaintiff, are corrections officers at the (HCDF). Plaintiff has been unable to obtain the names of these jailers do to lack of cooperation however, these names will be provided during discovery proceedings.

Defendant Chief John Dubuisson is the chief of the Pass Christian Police Department and is an adult resident of the County of Harrison, State of Mississippi.

Defendant, Officer Clark Diehl, is an adult citizen of the County Harrison, State of Mississippi. Officer Diehl is employed by the Pass Christian Police Department and was the officer of which Plaintiff was still in custody at the time Plaintiff was attacked and injured. This officer was responsible for the safety and well being of Plaintiff until Plaintiff was signed over to the Harrison County Detention Facility.

All Defendants are sued in their personal and official capacities.

## STATEMENT OF CLAIM

Plaintiff was maliciously and intentionally attacked and injured by a Harrison County corrections officer while still in the custody of the Pass Christian Police Department. Officers were aware that Plaintiff was partially disabled with a surgically repaired left leg and knee and were deliberately indifferent to Plaintiff's condition by causing further injury.

Plaintiff was handcuffed and detained and did not pose a threat nor was resistant in any way. This outrageous conduct is objectively serious and has demonstrated incredible and shockingly deliberate indifference towards Plaintiff and Plaintiff's 8th amendment constitutional rights.

Officers knew of Plaintiff's physical condition and that the actions that the corrections officer took within his sphere of official responsibility was with the malicious intention to do bodily harm to Plaintiff. Officers were aware of the substantial risk of harm to Plaintiff and consciously disregarded that risk resulting in further injury to Plaintiff's surgically repaired left leg and injury to the right leg as well.

The behavior of the corrections officer who attacked Plaintiff and the failure of officers to come to the aid of Plaintiff is so egregious, so outrageous, that it may be fairly said to shock the contemporary conscience and meets the "shocks the conscience" standard to a 42USC1983 action.

## **STATEMENT OF FACTS**

Plaintiff was arrested by the Pass Christian Police Department for the charge of DUI among other traffic offenses on May 26th, 2005. Police did exercise care during arrest and transporting Plaintiff to the Pass Christian Police Department as Plaintiff informed them of being partially disabled due to recent surgery to left knee and left leg. Officers did witness Plaintiff's surgical scar from top of the left knee and down half way of the leg as Plaintiff was wearing shorts.

Plaintiff was transported to the Harrison County Detention Facility by Officer Clark Diehl. Upon entering the Booking Department, a Harrison County corrections officer was in the process of placing a small, white female in a straight jacket and what appeared to be tape over her face. Plaintiff commented that he had never seen anything like this. This corrections officer responded "This is going to be you if you don't shut your mouth." Plaintiff then responded, "You'll be talking to my lawyer if you put your hands on me."

This officer then slammed handcuffed Plaintiff to the concrete floor injuring Plaintiff's chin and surgically repaired left leg. Plaintiff responded with "What's wrong with you man, I have a broken leg!" A female officer then stated that "He does have a bad leg."

The officer committing this attack asked "Which one?" in which the female officer responded that it was the left leg. The officer committing this attack responded, "Oh, this one?" as he touched the left leg. He then grabbed the right leg and pulled toward Plaintiff's head as Plaintiff was lying on the front side with the officers knee putting pressure on the neck. The officer then drug Plaintiff to a holding cell and threw Plaintiff against the wall. Officer then handcuffed Plaintiff to the wall and responded, "Welcome to the Harrison County house of pain."

Plaintiff suffered decreased range of motion of the left leg and knee, increased pain and swelling of the left knee, and swelling over the lateral aspect of the right thigh consistent with a hematoma. Plaintiff was examined And diagnosed by Roger V. Ostrander, M.D. in Pensacola, Florida. (See attached).

Plaintiff would state that he was handcuffed and standing idly against the wall when this attack occurred. Plaintiff neither posed a threat nor was resistant in any way. Plaintiff would further state that being intoxicated does not warrant physical torture and/or injury. Plaintiff was intentionally and maliciously assaulted and injured and this corrections officer acted out of a fit of rage and anger after placing a white female in a straight jacket. No Officer came to the aid of Plaintiff including Officer Clark Diehl.

Plaintiff was handcuffed to the wall of a holding cell for approximately three (3) to four (4) hours suffering with pain and fearful that further attacks could occur. Plaintiff was traumatized and fearful for his life and no officer came to the aid of Plaintiff until a corrections sergeant finally ordered the Plaintiff released from the handcuffs and holding cell.

Plaintiff bonded out at approximately 2:00am and had great difficulty walking at this time due to the pain caused by injury. Plaintiff actually could not walk at all in the next two days due to increased swelling and pain. Plaintiff was unable to continue normal rehabilitation activity due to pain and swelling.

## RELIEF SOUGHT

**WHEREFORE,** Plaintiff in this cause moves the Court for:

1. Declaratory judgment that the policies, practices, acts, and omissions, complained of herein violated Plaintiff's constitutional rights.

2. Award compensatory and punitive damages to Plaintiff totaling **$2,000,000** as Plaintiff suffered physical injury to his body and mental suffering and humiliation as a direct and proximate result of the policies, practices, acts, and omissions, complained of herein.

3. Entry of an order initiating an internal investigation of the Harrison County Detention Facility to assure that theses policies and practices cease to exist.

# ROGER V. OSTRANDER, M.D.

VANDERBURG, JOHN
DOV:  06/01/05

**HISTORY OF PRESENT ILLNESS:**  The patient is a 38-year-old male who underwent open reduction and internal fixation of a tibial plateau fracture on 01/18/05.  Overall, he was doing great.  He had no pain.  He was walking without difficulty.  Approximately 6 days ago, he was involved in an altercation with police.  He reinjured his knee.  During his altercation, he also had an injury to his right thigh.  He is now complaining of knee pain, which is medial with swelling.  He had difficulty walking on it for a few days afterwards.  He has also noted some decreased range of motion.

**PHYSICAL EXAMINATION:**  On physical exam, his incision is well healed.  There is a moderate effusion in the left knee.  Range of motion is from 2 degrees to about 125 degrees.  He is stable to varus and valgus stress.  Negative Lachman and negative posterior drawer.  He has some medial joint line tenderness.

On physical exam of the right thigh, there is some swelling and ecchymosis over the lateral aspect of the thigh consistent with a hematoma.

**IMAGING:**  X-rays of his tibia and fibula today demonstrate a healed proximal tibia fracture.  The plate and screws are intact.  The articular surface looks well reduced.  There is no evidence of new fracture.

**IMPRESSION:**  A 38-year-old male status post open reduction and internal fixation of a left tibia fracture with reinjury from an altercation with police.  I do not see a refracture, although he may have some internal derangement given his effusion.

**PLAN:**  We are going to see if symptoms resolve over the next 3 to 4 weeks.  He was told to call me if they do not.  Otherwise, I will see him back in 4 months with new x-rays.  We will treat his right thigh hematoma symptomatically.

Roger V. Ostrander, M.D.

RVO/ASFD/rha
Doc.01020984

cc:   John Vanderburg
      P.O. Box 813
      Long Beach, MS   39560

Respectfully submitted this 21 day of June 2005

John Aaron Vanderburg, pro-se<br>
Plaintiff<br>
ss/ _____

John Aaron Vanderburg
P.O. Box 813
Long Beach, Ms. 39560

## CERTIFICATE OF SERVICE

I John Aaron Vanderburg, pro-se Plaintiff in this cause, does hereby certify that I have caused to be mailed, via United States Postal Service, true and correct copies of this 42 USC 1983 civil action to the following:

| | |
|---|---|
| Harrison County Sheriff, George Payne<br>P.O. Box 1480<br>Gulfport, Ms. 39502 | Chief John Dubuisson<br>P.O. Box 368<br>Pass Christian, Ms. 39571 |
| Captain Rick Gaston<br>10451 Larkin Smith Dr.<br>Gulfport, Ms. 39503 | Officer Clark Diehl<br>P.O. Box 368<br>Pass Christian, Ms 39571 |
| Major Diane Riley<br>10451 Larkin Smith Dr.<br>Gulfport, Ms. 39503 | |

Copies sent this 21 day of June 2005.

_____<br>
John Aaron Vanderburg,<br>
pro-se Plaintiff